Dear Mayor Bracey:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Volunteer Fire Department of the Town of Roseland. You indicate there are no paid or full time fire fighters in the Town, and the department is funded by tax revenues and supplemented by amounts raised through volunteer fire department fund raisers. The members of the department have incorporated themselves into a non-profit corporation for purposes of raising funds. A disagreement arose between the leadership of the volunteer fire department and the town municipal government concerning the priority of tax dollar expenditures and the authority of the municipal government to direct the affairs of the volunteer department. The Fire Chief was terminated by the Board of Aldermen. The former fire chief and those volunteers who supported him have used the non-profit corporation to take control of and maintain possession of certain fire department records, equipment and monies raised in connection with the volunteer fire department. However, you further state that the volunteer fire department through its non-profit corporation, in addition to having raised funds, received tax dollars from the general fund of the Town and the Tangipahoa Parish Rural Fire Protection District No. Two. and from State Fire Insurance Rebate monies through the parish government.
It is the position of the former chief that the records of these previous fires, financial records of the non-profit corporation and any other documents removed from the fire department offices are the records of the Roseland Volunteer Fire Department, Inc. and are not municipal or public records and that the Town and its current municipal fire department have no rights to nor any access to these records.
They also assert that the equipment removed from the Town Hall was purchased with these non-profit corporation funds from and by checks issued on the account of the Volunteer Fire Department, Inc. and as such are not municipal property but that of the non-profit corporation.
Finally, it is the position of the former Fire Chief and his supporters within the Volunteer Fire Department, Inc. that the banking account in the name of the non-profit corporation are funds separate and distinct and the exclusive property of the membership of the non-profit corporation and are not subject to use by nor audit by the municipal government.
You maintain that the municipal government should have access to and custody of all fire records, whether in the name of the municipality or the non-profit corporation in that these are public records, and that all items purchased for the Volunteer Department, whether through tax dollars, private donations and fund raisers are in fact for the benefit of and belong to the municipal fire department. Accordingly, all items of property and equipment should be inventoried and located at the municipal fire department facility, and funds having been received for the implied purpose of being utilized in connection with fire protection services of the Town cannot be used for any other purpose. Since the non-profit corporation is no longer providing fire protection services, these funds should be transferred to the municipal fire account at the Town of Roseland.
Based upon these facts you ask the following questions:
 1) What rights does the Town of Roseland's municipal government have to seek complete review and audit of the financial records of the Roseland Volunteer Fire Department, Inc.?
 2) What rights does the Town of Roseland's municipal government have to obtain possession of or access to the fire records in possession of the Roseland Volunteer Fire Department, Inc.?
 3) What rights does the Town of Roseland's municipal government have to obtain possession of and use of fire equipment and/or other equipment purchased by or through the Roseland Volunteer Fire Department, Inc.?
 4) What rights does the Town of Roseland have to obtain possession of and/or control of the banking accounts of the Roseland Volunteer Fire Department, Inc.?
We note in Atty. Gen. Op. 84-583 this office was asked if the volunteer fire department should be required to audit their books wherein the department conducted fund raisers, received donations from the public and the municipality and received revenue sharing. Based upon R.S. 24:517
this office observed that it had been the opinion of this office that all quasi-public bodies are required to conduct and file audits, and quasi-public bodies have been defined as those bodies which are not strictly private bodies and which are "primarily" funded by public funds and serve a public purpose or provide a public service. Inasmuch as the proportionate amount of public funds received was not provided, it was stated, "Therefore, it is not possible to conclusively classify the volunteer fire department.
However, conceding that the volunteer fire department serves a public purpose and provides a public service, if it can be determined that it is also funded primarily by public funds, then it should conduct and file an audit."
Similarly, in Atty. Gen. Op. 98-498 in regard to the question of the mayor's authority to appoint the Fire Chief of the volunteer Fire Department this office responded that the questions to be considered are what public funds, if any, are provided, noting that it had previously been opined that a volunteer fire department may be considered a quasi-public body where it received public funds in a budget for such things as expenses of the fire department as utilities, maintenance, truck gas and repair, and other equipment, and the municipality exercises an element of control over the department. In conclusion it was stated that the status of the department is a question of fact to be reached from the guidelines set forth such as the manner in which the department was created, public funding and exercise of control, if any, by the town.
Thus, in response to your questions as to the rights of the Town to seek complete review and audit of the financial records of the Volunteer Fire Department, obtain possession to the records of the Volunteer Fire Department and its equipment, and control of the bank account, we must conclude that this must be determined on the basis if the Department is "primarily" funded by public funds in that it receives tax dollars from the Town, the Fire Protection District and Insurance Rebate monies. However, If not primarily funded by public funds, we would conclude the municipality has no rights to the documents, equipment, bank account or to require an audit of the Volunteer Fire Department simply because it serves a public purpose.
We regret we cannot be of more assistance in response to your inquiry.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr